(No. 76-CC-1185-

IOTA F. VAUGHN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1985.*

*Order on petition for rehearing filed August 1, 1985.*

RUPPERT & SCHLUETER, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a tort claim arising from an accident occurring on January 8, 1975. Claimant was driving south on Interstate 57 north of West Frankfort, Illinois, near milepost 78.19 with her husband as a passenger. She was coming from Missouri to West Frankfort to attend a funeral. It was raining and Claimant alleges she was travelling at a speed of 30 to 35 miles per hour because of the wet pavement. There was other traffic on the road, including camper-trailers and pickup trucks, which were throwing water and mud back on Claimant's windshield. She had been driving in the right hand lane and went over to the left hand lane to try to avoid the throwing back of water and mud from the other vehicles.

Claimant stated the trailer she was travelling behind appeared to swerve and she thought it was going to hit them so she went off the pavement on the inside after encountering a dip in the highway. When she went off the pavement, she lost control of her automobile and it proceeded to the right side of the highway and then into Rend Lake. Her testimony was that the embankment was very steep, at least two car lengths, there was no shoulder on the road, only mud, and there were no warning signs of either the dip in the road or the low shoulders.

Claimant and her husband were in the car in the

lake for approximately two hours until they were rescued by the State Patrol.

Trooper Larry Dean Biggs was called by Claimant as one of her witnesses, as he was on the scene of the accident before she was rescued. He testified there had been other accidents at this location and that he had talked to the highway department about putting up some temporary protection where the road runs along the lake to keep people from running into the lake. He further testified that since the accident, a rest area had been established in this vicinity and the ditch Claimant encountered had been filled.

According to the medical testimony, Claimant sustained whiplash injuries to her neck for which she had been taking treatment for a considerable time and which was quite painful. The medical bill for these services was $5,615.00. She also alleges she has spent the sum of $250.00 for the care of her invalid husband for two weeks during the time she was unable to care for him while she was convalescing. She also incurred damages to her automobile in the amount of $127.00.

According to Claimant's testimony and that of her doctors, she was still suffering pain and would continue to suffer pain for a considerable period of time.

The evidence in this case shows there were no warning signs and no fences between the road and Rend Lake. It appears from the evidence that the State had notice of this condition but had done little or nothing to safeguard the travelling public.

The Court is of the opinion an award of $15,000.00 should be made to Claimant to cover her expenses, and for the injuries she suffered and will continue to suffer for some time in the future.

Award is hereby made in favor of Claimant in the sum of $15,000.00.

## ORDER ON PETITION FOR REHEARING

This matter was heard on oral argument after a petition for rehearing was filed by Respondent and objection to said petition was filed by Claimant.

The Court calls attention to the testimony of Larry Dean Biggs, a trooper with the Illinois State Police, Department of Law Enforcement, who said that in his opinion, there should have been a guard rail or some other safety factor to protect the public. His position is strengthened by the fact there has been a complete change made by the State since this accident to offer the public the right of protection. Among the changes made was a rest area put in, a ramp and guard rail all the way down until there is no more water, and the ditch has been filled. The action taken by Respondent supports the position taken by Claimant in this cause.

The Court calls attention to the fact that in regard to the degree of injuries suffered by Claimant, the State offered no medical evidence of any kind or character to rebut the claims of Claimant's doctor that she had a whiplash injury that could possibly be permanent.

Claimant incurred the sum of $5,615.00 in fees from two chiropractic doctors for care and therapy, the sum of $250.00 for the care of her invalid husband for two weeks she was unable to care for him, damages to her automobile in the amount of $127.00, and requests $10,000.00 for permanent injuries.

Medical evidence shows Claimant's injuries could be a permanent situation, as whiplash injuries sometimes do become a permanent feature of the injured party.

After reviewing the record, the Court is of the opinion that the original award is correct and therefore reaffirms its original decision in granting Claimant an award in the amount of $15,000.00.